IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDON MOYE SR.,                              No. 3:20-CV-01886-HZ

                  Plaintiff,                   OPINION & ORDER

    v.

 SAFEWAY, INC.,

               Defendant.

Brandon Moye Sr.
8832 N. Syracuse St. #206
Portland, OR 97203

      Pro Se Plaintiff

Brian B. Williams
Alison R. Barber
HITT HILLER MONFILS WILLIAMS LLP
411 SW Second Avenue, Suite 400
Portland, Oregon 97204

      Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro Se Plaintiff Brandon Moy, Sr. brings this discrimination action against Defendant Safeway Inc. Defendant moves for summary judgment against Plaintiff's Third Amended Complaint in its entirety. For the following reasons the Court grants Defendant's motion.

## BACKGROUND

Plaintiff was shopping at the North Portland Safeway store when he had an altercation with a grocery checker. Second Am. Compl. at 2, ECF 7. [1] Plaintiff alleges that as he set his items down on the checkout counter conveyor belt, the checker told him to "back up." *Id.* Plaintiff responded that he was just setting his items down. *Id.* The employee allegedly yelled at him again. *Id.* He responded that he was talking to himself. *Id.* As the checker "stormed off," she allegedly said, "I'm not going to serve you N*****!" *Id.* Plaintiff then went to another line where a fellow patron offered to allow Plaintiff to go in front of him *Id.* at 3. As Plaintiff set his items down again, the same checker allegedly ran back over to him and said, "you can't cut that guy in line." *Id.* The other patron responded that he had allowed Plaintiff to go ahead of him. *Id.* The checker allegedly responded that she was going to call the police. *Id.*

Plaintiff filed this action on October 5, 2020 in Multnomah County Circuit Court. Not. of Removal at, ECF 1. Defendant removed the action to federal court. *Id.* Plaintiff filed an Amended Complaint on December 3, 2020, a Second Amended Complaint on December 16, 2020, and a Third Amended Complaint on January 28, 2021. ECF 6, 7, 9. In his Third Amended Complaint Plaintiff brings claims against Defendant pursuant to 42 U.S.C. § 2000a.

//

---

[1] The Court relies on Plaintiff's Second Amended Complaint to develop the factual background because there are no facts alleged in Plaintiff's Third Amended Complaint.

**STANDARDS**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch.*, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

//

//

**DISCUSSION**

Defendant moves for summary judgment arguing Plaintiff failed to state a claim for relief under 42 U.S.C. § 2000a and failed to comply with 42 U.S.C. § 2000a's statutory notice requirement.

§ 2000a provides that an aggrieved person may file a private right of action seeking injunctive relief. *See* § 2000a-3(a) ("Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a–2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved"). However, a person who brings a §2000a action may not recover damages. *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968).

Plaintiff seeks $2,000,000, plus punitive damages. Pl. Resp. at 3, ECF 29; Second Am. Compl. at 1. Since monetary damages are not available under § 2000a, Plaintiff has failed to state a claim for relief under the statute. Moreover, even if Plaintiff had sought injunctive relief, Plaintiff's allegations do not demonstrate how he would realistically be threatened by a repeat injury from the grocery checker at issue, as she no longer works at Safeway. Barber Decl. Ex. 1, ECF 28; *see Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) (holding that a plaintiff seeking prospective injunctive relief "must demonstrate that he is realistically threatened by a *repetition* of [the violation]" (alterations and emphasis in original) (quotation marks omitted)); *see also Ramirez v. Adventist Med. Ctr.*, No. 3:17-CV-831-SI, 2017 WL 4798996, at *6 (D. Or. Oct. 24, 2017) (finding no threat of a repeat violation where the allegedly offending employee had been terminated by the defendant employer).

§ 2000a also has certain procedural prerequisites for filing suit if the state in which the conduct occurred also has a statute prohibiting discrimination in places of public accommodation. 42 U.S.C. § 2000a-3(c) provides that:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

Oregon has its own public accommodation antidiscrimination law, and the Oregon Bureau of Labor and Industries (BOLI) has authority to grant relief from unlawful discrimination. Or. Rev. Stat. §§ 659A.403, 659A.800. Accordingly, Plaintiff was required to give written notice of his intent to sue Defendant pursuant to § 2000a.

Plaintiff contends that a BOLI representative told him that he did not need "to file a discrimination complaint before filing a lawsuit." Pl. Resp. at 3. Plaintiff submits no evidence to support this statements or evidence that he gave written notification to BOLI of his intent to sue Defendant. Accordingly, the Court finds that Plaintiff's claim is also barred because he failed to comply with § 2000a's statutory notice requirement.

//

//

//

//

//

//

5 – OPINION & ORDER

**CONCLUSION**

The Court GRANTS Defendant's Motion for Summary Judgment [27].

IT IS SO ORDERED.

DATED:   September 9, 2021   .

MARCO A. HERNÁNDEZ
United States District Judge